UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>COLLEEN PATRICIA BRANNON,<br><br>    Debtor. | CHAPTER 7<br><br>CASE NO. 16-54770-WLH |
| JASON L. PETTIE, Chapter 7 Trustee for the Estate of Colleen Patricia Brannon,<br><br>    Plaintiff,<br>v.<br><br>REGIONS BANK,<br>ROCKDALE COUNTY TAX<br>BENJAMIN T. POLK, and<br>COLLEEN PATRICIA BRANNON,<br><br>    Respondents. | CONTESTED MATTER |

**AMENDMENT TO TRUSTEE'S MOTION FOR AUTHORITY
(I) TO SELL PROPERTY OF THE BANKRUPTCY ESTATE FREE AND
CLEAR OF ALL LIENS, INTERESTS, AND ENCUMBRANCES
AND (II) DISBURSE CERTAIN PROCEEDS AT CLOSING**

COMES NOW Jason L. Pettie, as Chapter 7 Trustee for the bankruptcy estate of Colleen Patricia Brannon ("**Trustee**"), pursuant to 11 U.S.C. §§ 363(b), (f), and (m), and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c) and 9014, by and through undersigned counsel, and files his *Amendment to Trustee's Motion for Authority to (I) Sell Real Property of the Bankruptcy Estate Free and Clear of Liens, Interests, and Encumbrances and (II) Disburse*

13059900v1

*Certain Proceeds at Closing* (the "**Amendment**").  In support of the Amendment, Trustee shows the Court as follows:

### Venue and Jurisdiction

1.    This Court has jurisdiction over this Sale Motion under 28 U.S.C. §§ 157 and 1334.  Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409.  This Sale Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

### Background

### *i. General Background*

2.    Colleen Patricia Brannon ("**Debtor**") filed the above-styled bankruptcy case by filing a petition for relief under Chapter 7 of Title 11 of the United States Code on March 15, 2016 (the "**Petition Date**"), initiating Case No. 16-54770-WLH (the "**Bankruptcy Case**").

3.    On or about March 16, 2016, Trustee was appointed to the Case as the interim Chapter 7 trustee, pursuant to 11 U.S.C. § 701(a)(1).

4.    The original meeting of creditors was conducted and concluded on April 20, 2016, pursuant to 11 U.S.C. § 341(a), after which time, Trustee became the permanent Chapter 7 Trustee, pursuant to 11 U.S.C. § 702(d).

5.    At the commencement of the Bankruptcy Case, the Debtor's estate was created under 11 U.S.C. § 541(a) (collectively, the "**Bankruptcy Estate**"), and the Bankruptcy Estate included all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy

13059900v1

Estate acquired after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7).

6.   Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

7.   Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 11] on July 11, 2016, and the Court entered an *Order* [Doc. No. 19] on November 14, 2016, authorizing the appointment of Arnall Golden Gregory LLP as attorneys for Trustee.

### *ii. The Property*

8.   By virtue of a *Warranty Deed* dated May 10, 2002 (the "**Deed**") and recorded on the real property records with the Superior Court of Rockdale County (the "**Real Estate Records**") on October 23, 2002 [Pages 192–195 of Deed Book 2467], Debtor and Benjamin T. Polk ("**Mr. Polk**") purchased that certain real property known generally as 3291 Zingara Road, NE, Conyers, Rockdale County, Georgia 30094 (the "**Property**").

### *iii. Order Authorizing Trustee's Sale of the Property Under 11 US.C. Section 363(h)*

9.   On September 7, 2016, Trustee filed a *Complaint* [Doc. No. 17] against Regions Bank, Mr. Polk and Debtor, initiating adversary Proceeding No. 16-05212-WLH [A. P. Doc. No. 1], seeking authority to sell co-owned property under 11 U.S.C. §§ 363(h).

10.   On April 6, 2018, the Court entered an *Order Granting Summary Judgment* [A. P. Doc. No. 37], approving and authorizing, among other things, Trustee to sell both the Estate's interest and Mr. Polk's interest in the Property under 11 U.S.C. § 363(h).

11. On December 2, 2016, a *Consent Judgment Declaring Deed to Secure Debt of Regions Bank Not a Valid Lien Against the Property and Granting Other Relief* [Doc. No. 17], which declared that the first security deed of Regions Bank was paid in full by the second security deed of Regions Bank. Regions Bank further disclaimed any interest in the Property or entitlement to the net sale proceeds from the sale of the Property by virtue of the first security deed.

### *iv. Alleged Liens, Interests, and Encumbrances*

12. Trustee obtained a full title examination report of the Property dated July 21, 2016 and effective June 24, 2016 (the "**Title Report**").

13. The Title Report reflects the following:

   (a) a *Security Deed* (the "**First Deed**")dated October 3, 2003 and recorded on the real property records for Superior Court of Rockdale County, Georgia (the "**Real Estate Records**") on October 20, 2003 for a revolving line of credit limit in the amount of $35,000.00 in favor of Regions Bank; and

   (b) a *Security Deed* (the "**Second Deed**") dated October 4, 2008 and recorded on the Real Estate Records on October 20, 2008 for a revolving line of credit limit in the amount of $35,000.00 in favor of Regions Bank.

14. The First Deed of Regions Bank matured on October 17, 2008. As aforesaid, the First Deed of Regions Bank was paid in full by the Second Deed of Regions Bank, but simply never cancelled of record.

15. Therefore, with the exception of unpaid *ad valorem* real property taxes due to Rockdale County Tax Commissioner ("**Rockdale County**") for 2017 and 2018 in the amounts of $1,152.73 and $2,189.69, respectively, and the Bankruptcy Estate's pro-ration of 2019, there is only one encumbrance on or against the Property, which is in favor of Regions Bank which has a loan payoff in the approximate amount of $34,760.00. See *Schedule D: Creditors Who Have Claims Secured by Property* [Page 23 of Doc. No. 1].

### Trustee's Realtor Employment

16. Based on a thorough inspection, evaluation and comparative marketing analysis by a licensed real estate broker, Trustee had determined an appropriate listing price would be $123,000.00.

17. On July 20, 2018, Trustee filed his *Application to Employ Real Estate Agent* [Doc. No. 22] (the "**Realtor Application**"). The Bankruptcy Court entered an *Order* [Doc. No. 23] on July 30, 2018, authorizing the employment of Southside Realtors and Duane Lockwood (collectively, the "**Realtor**") as the listing agent for the Property for a six percent (6%) commission on the purchase price. Trustee advertised the Property for sale with a listing price of $123,000.00.

### Trustee's Sale Motion

18. On December 6, 2018, Trustee filed *Trustee's Motion for Authority to (I) Sell Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (II) Disburse Certain Proceeds at Closing* [Doc. No. 29] (the "**Sale Motion**").

19. Pursuant to the Sale Motion, Trustee requested authority to sell the Property, free and clear of all liens, interests and encumbrances, to Maritza Castro (the "**Purchaser**"), "as is, where is," for a sale price of $130,000.00 (the "**Purchase Price**"), subject to Bankruptcy Court approval (the "**Contract**"). A true and correct copy of the Contract is attached to the Sale Motion, marked as Exhibit "A," and incorporated herein by reference."

20. As also stated in the Sale Motion, (a) the Purchaser (i) was procured through the efforts of Trustee and his Realtor, (ii) is a *bona fide* purchaser, and (iii) is not an insider of Debtor, Mr. Polk, Trustee, or the Realtor; and (b) has submitted an earnest money deposit in the amount of $2,600.00. Trustee will pay up to $3,900.00 in Purchasers' closing costs.

### Amendment to the Sale Motion

21. On January 11, 2019, Mr. Polk filed *Co-Owner's Brief in Support of Trustee's Motion to Sell Asset of the Estate and Notice of Intent to Buy the Property Pursuant to 11 U.S.C. § 363(i)* [Doc. No. 32] ("**Co-Owner's Response**").

22. Pursuant to Co-Owner's Response, Mr. Polk proposes to purchase the Property from the Bankruptcy Estate for the Purchase Price, paying costs of sale totaling $49,910.31, representing (a) the mortgage payoff of $34,760.00, (b) 2017 *ad valorem* taxes of $1,152.73, (c) 2018 *ad valorem* taxes of $2,189.69, (d) 2019 pro-ration of *ad valorem* tax of $107.31, (e) Realtor's commission of $7,800.00, and (f) Purchaser's closing costs of

13059900v1

$3,900.00 (collectively, "**Costs of Sale**"), resulting in total net proceeds of $80,089.69, which Mr. Polk proposes should be shared equally between himself and the Bankruptcy Estate.

23. However, pursuant to 11 U.S.C. §363(j), "after a sale of property to which subsection (g) or (h) of this section applies, the trustee ***shall*** distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate the proceeds of such sale, ***less the costs and expenses,*** *not including any compensation of the Trustee,* ***of such sale,*** *according to the interests of such spouse or co-owners, and of the estate.*"

24. After obtaining the *Order Authorizing the Trustee's Sale of the Property Under 11 U.S.C. Section 363(h),* Trustee made every effort to work with Mr. Polk to reach an agreement for a sale of the Bankruptcy Estate's interest in the Property to Mr. Polk and avoid a sale of the Property. Mr. Polk declined the Trustee's offers.

25. After the filing the Realtor Application on July 20, 2018, Mr. Polk refused to allow Trustee to list the Property for sale or to even allow the Realtor access for inspection.

26. After exhausting all efforts to get Mr. Polk's cooperation, Trustee was constrained to file a *Motion to Hold Benjamin T. Polk in Contempt of Court* Doc. No. 25] (the "**Contempt Motion**") on September 13, 2018.

27. A hearing on the Contempt Motion was held on October 4, 2018 (the "**Contempt Hearing**").[1]

28. On October 15, 2018, the Court entered an *Order on Trustee's Motion to Hold Benjamin T. Polk in Contempt of Court* [Doc. No. 26] (the "**Contempt Order**"). The Contempt Order required, *inter alia*, that Mr. Polk (a) cooperate with Trustee in all respects reasonably necessary for the sale of the Property, (b) furnish his cell phone number and any other number necessary to reach him to the Realtor so the Realtor can arrange for showings of the Property, (c) allow (i) a For-Sale sign to be placed in the front yard (ii) Realtor to take photos of the interior of the Property; (d) reasonably cooperate with Trustee's Realtor and other agents showing the Property; (e) provide access to the Property upon one (1)-hour telephonic notice to Mr. Polk of any showing or inspection PROVIDED that Mr. Polk may be in attendance at any showing and may provide potential purchasers with the list of items needed at the Property which he presented to the Court and PROVIDED FURTHER that such access need not be provided by Mr. Polk at times his son is with him. Mr. Polk is directed to provide Realtor and Trustee within ten (10) days of the date of this Order a schedule of his son's visits through March 2019; (f) keep the Property in a reasonably clean and orderly condition; and (g) vacate the

---

[1] At the Contempt Hearing, Trustee vigorously argued that Mr. Polk was attempting to drive down the purchase price so he could purchase under 11 U.S.C. § 363(i) for as little as possible. Mr. Polk insisted that was not the case and that he wanted the Property to sell to a third party for as much as possible. Trustee maintains he waived his rights under 11 U.S.C. § 363(i) by his conduct and the position he took at the Contempt Hearing.

13059900v1

Property prior to any closing on the sale thereof, leaving the Property in a clean, broom-swept condition with all appliances, fixtures, and appurtenances intact and undamaged.

29. From July 20, 2018 to date, the Bankruptcy Estate has incurred attorney fees and costs in connection with the sale of the Property, in the amount of $10,973.77, plus all fees and costs related to the hearing on the Sale Motion and subsequent closing of the sale (the "**Bankruptcy Estate's Costs and Expenses**"), subject to Bankruptcy Court approval.[2] A copy of the invoice is attached hereto, marked as Exhibit "A," and incorporated herein by reference.

### Request for Authority to Disburse Certain Proceeds at Closing

30. Trustee requests authority to have all sale proceeds paid to him at closing and for authority to have paid at closing: (a) the payoff to Regions Bank on the Second Deed; (b) all outstanding *ad valorem* real property taxes including but not limited to 2017 in the amount of $1,152.73 and 2018 in the amount of $2,186.69; (c) the Bankruptcy Estate's pro-ration of the 2019 *ad valorem* county real property taxes estimated at $107.31 (based on 2018 tax bill); (d) real estate commission of six percent (6%) of the Purchase Price in the amount of $7,800.00; (e) any capital gains or other taxes related to the sale (none anticipated); (f) water and sewer liens (none anticipated); (g) Purchaser's closing costs up to $3,900.00; (h) all other costs of sale, or costs necessary to close a sale of the Property. Thereafter, Trustee is authorized to disburse at closing, one-half of the remaining net sale

---

[2] Trustee asserts that 11 U.S.C. § 363(i) applies regardless of whether the successful purchaser is the co-owner or a third party. So the identity of the purchaser is not a factor in the application of this code section to the subject sale.

13059900v1

proceeds to Ms. Polk, less one-half of the Bankruptcy Estate's Costs and Expenses (see paragraph 29 above).

31. All other distributions will be made only upon further order of the Court.

32. To the extent funds are disbursed at closing by a party other than Trustee, Trustee requests that such party be treated as Trustee's designated and authorized agent.

WHEREFORE, Trustee prays that this Court approve the Amendment following notice to all creditors and parties in interest. The Trustee further prays that this Court grant authority to close the proposal sale of the Property, to disburse certain proceeds as requested in the Amendment, and for such other and further relief as is just and proper.

Respectfully submitted this 14th day of January, 2019.

        ARNALL GOLDEN GREGORY, LLP
        *Attorneys for Trustee*

        By:*/s/ Neil C. Gordon*
           Neil C. Gordon
           Georgia Bar No. 302387
           neil.gordon@agg.com
        171 17th Street, NW, Suite 2100
        Atlanta, Georgia 30363-1031
        Tele: (404) 873-8500 / Fax: (404) 873-8501

## EXHIBIT "A" FOLLOWS

13059900v1

**Arnall Golden Gregory LLP**

**Pettie, Jason L., Trustee in Bankruptcy**  
**Jason L. Pettie, P.C.**  
**Attn: Jason L. Pettie, Trustee**  
**Suite 150 - One Decatur Town Center**  
**150 E. Ponce de Leon Avenue**  
**Decatur, GA  30030**

**January 14, 2019**  
**Invoice #755784**  
**Neil C. Gordon**

**For Legal Services Rendered In Connection With:**

**Client/Matter #26991-14**  
**Brannon, Colleen (Case No. 16-54770-WLH)**

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 07/30/18 | N. Gordon | 0.10 | Review court order approving employment of realtor; memo to P.Bicknell |
| 07/31/18 | P. Bicknell | 0.60 | Report to Trustee regarding status of listing and cooperation from the Benjamin Polk regarding the listing and marketing of the property (.30); correspondence to realtor regarding instructions for listing the property and communications with Benjamin POlk (.30) |
| 08/06/18 | P. Bicknell | 0.40 | Correspondences with realtor regarding the co-owner's failure to cooperate with the listing and marketing of the property (.2); report to Trustee regarding same (.2) |
| 08/08/18 | P. Bicknell | 0.40 | Memo to N. Gordon regarding details of order and judgment regarding the 363(h) adversary and how to proceed against the co-owner |
| 08/13/18 | P. Bicknell | 0.40 | Telephone call to Realtor regarding buyer's follow-up email regarding counter offer (.2); report to Trustee regarding recommended counter and equity analysis (.2) |
| 09/05/18 | W. Matthews | 0.20 | Exchange email messages with P. Bicknell regarding seeking contempt sanctions against co-owner |
| 09/11/18 | P. Bicknell | 1.60 | Prepare Motion to Hold Benjamin Polk in contempt of Court and requirement to show cause and notice of hearing |
| 09/12/18 | P. Bicknell | 0.30 | Review; and make revisions to contempt motion and correspondence to Trustee requesting review and approval of same |

**Pettie, Jason L., Trustee in Bankruptcy**

Client/Matter #26991-14

January 14, 2019
Invoice #755784
Neil C. Gordon
Page 2

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 09/12/18 | W. Matthews | 0.50 | Review and revise P. Bicknell drafts of contempt motion and of notice of hearing |
| 09/13/18 | W. Matthews | 0.20 | Review ECF motion for contempt and calendar hearing date |
| 10/04/18 | P. Bicknell | 0.30 | Correspondence to realtor regarding attending hearing on motion to compel turnover |
| 10/04/18 | P. Bicknell | 0.30 | Telephone call from realtor regarding attending hearing on Trustee's motion to compel and issues concerning same |
| 10/04/18 | P. Bicknell | 1.10 | Prepare order on motion to hold debtor in contempt of court |
| 10/04/18 | N. Gordon | 2.60 | Review file in preparation for hearing (.6); to U.S. Bankruptcy Court and attend hearing on contempt and motion and confer thereafter with trustee and realtor (1.4); memo to P.Bicknell re results and to draft order (.2); review and revise (.4) |
| 10/08/18 | P. Bicknell | 0.20 | Review of report from realtor regarding status of taking photographs of the inside of the property and placing the for-sale sign in the front yard and correspondence in response thereto |
| 10/09/18 | P. Bicknell | 0.20 | Review of Judge's revisions to the Order on Trustee's contempt motion regarding requirements of non-filing co-owner regarding cooperating with trustee's efforts to sell property and comments regarding same |
| 10/10/18 | N. Gordon | 0.40 | Review and consider order revised by the Court (.2); correspondence to trustee re same (.2) |
| 10/11/18 | N. Gordon | 0.20 | Correspondence with Trustee re revisions by the Court to the Order and correspondence to the court re same |
| 10/15/18 | W. Matthews | 0.20 | Review ECF order on contempt |
| 10/16/18 | N. Gordon | 0.20 | Review entered order; correspondence to Trustee |
| 10/17/18 | P. Bicknell | 0.60 | Review of report from realtor regarding issues concerning Mr. Polk's cooperation in the marketing and showing of the property (.10); and correspondence to realtor in response thereto (.50) |

**Pettie, Jason L., Trustee in Bankruptcy**  
**January 14, 2019**  
Invoice #755784  
Neil C. Gordon  
**Client/Matter #26991-14**  
Page 3

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 10/17/18 | P. Bicknell | 0.40 | Telephone call from realtor to discuss issues concerning Mr. Polk's behavior and failure comply with the terms of the Court's Order and cooperate with Realtor in the marketing and showing of the Property |
| 10/18/18 | P. Bicknell | 0.80 | Correspondence with realtor regarding new offer on real property (.30); telephone call from realtor to discuss same (.20); report to trustee regarding offer and status of progress in property showings (.30) |
| 10/24/18 | P. Bicknell | 0.60 | Review terms of contract offer (.20); telephone discussion with realtor regarding terms of offer, dealing with co-owner regarding handling of the inspection and appraisal and other issues (.40) |
| 10/24/18 | P. Bicknell | 0.40 | Conference call with Trustee and n. Gordon regarding offer and strategy for filing the sale motion and competing offers |
| 10/24/18 | N. Gordon | 1.50 | Review and consider memo from P.Bicknell re great offer but anticipated problems with co-owner and how to handle as well as set up procedures for the sale (.4); review applicable law (.4); outline qualifying bidding/sale procedures (.4); discuss with Trustee and P.Bicknell (.3) |
| 10/31/18 | P. Bicknell | 0.70 | Correspondences with realtor regarding issues concerning other potential buyer's interested in property, status of lising in MLS and conversations with and behavior of B. Pollk, co-owner regarding showings (.40). telephone conversation with realtor regarding same (.30) |
| 12/03/18 | P. Bicknell | 1.80 | Review terms of accepted contract offer (.30); prepare Trustee's form purchase and sale agreement and closing exhibits (1.50) |
| 12/03/18 | P. Bicknell | 0.30 | Correspondence to Trustee regarding review and execution of the trustee's purchase and sale agreement and removing co-signor |
| 12/03/18 | N. Gordon | 0.50 | Review and edit purchase and sale agreement and related documents |
| 12/04/18 | P. Bicknell | 2.40 | Review of file, statements and schedules, title report, rockdale county tax commissioner's websit, and terms of purchase and sale agreement (.60); prepare motion to sell property of the estate free and clear of all liens, interests and encumbrances and to disburse certain proceeds at closing and notice of hearing (1.80) |

**Pettie, Jason L., Trustee in Bankruptcy**  
**January 14, 2019**  
Invoice #755784  
Neil C. Gordon  
**Client/Matter #26991-14**  
Page 4

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 12/04/18 | N. Gordon | 0.90 | Review file (.3); review, revise and supplement 363(b) and (f) motion and related hearing notice (.6) |
| 12/05/18 | P. Bicknell | 0.30 | Review and make revisions to sale motion and correspondence to Trustee requesting review and approval of same |
| 12/06/18 | W. Matthews | 0.20 | Review ECF motion to sell property and notice of hearing |
| 12/07/18 | N. Gordon | 0.60 | Review and consider correspondence from Howie Slomka (x2) and draft response correspondence (x2) regarding sale and his efforts to prevent it |
| 12/17/18 | N. Gordon | 0.20 | Confer with H.Slomka |
| 12/18/18 | N. Gordon | 0.20 | Confer with H.Slomka |
| 12/20/18 | N. Gordon | 0.70 | Review and consider correspondence from H.Slomka (.2); confer with Trustee (.2); draft reply correspondence (.3) |
| 01/09/19 | N. Gordon | 0.90 | Review and consider Shamka correspondence and brief and briefly review letter opinions (.7); memo to W.Matthews re foregoing (.2) |
| 01/11/19 | P. Bicknell | 0.30 | Telephone call to broker regarding issues concerning possible bidding at sale hearing and instructions regarding same |
| 01/13/19 | P. Bicknell | 1.70 | Review co-owner's brief in support of Trustee's sale of the Property of the Estate and notice of Intention to Buyer Property (.30); prepare amendment to sale motion relating to sections 363(i) and (j) (1.40) |
| 01/13/19 | N. Gordon | 3.20 | Review and consider Polk's brief (.5); review W. Matthews research (.6); review review, revise, and supplement amended 363 sale motion (.6); estimated time for contested hearing (1.5) |
| 01/13/19 | P. Bicknell | 0.10 | Correspondence to Trustee requesting review and approval to file amendment to sale motion |

**Total Hours**     29.70

**Total For Services**     $10,504.50

| | |
|---|---|
| **Pettie, Jason L., Trustee in Bankruptcy** | **January 14, 2019**<br>**Invoice #755784**<br>**Neil C. Gordon** |
| **Client/Matter #26991-14** | **Page 5** |

### **EXPENSES**

| | |
|---|---:|
| PAYEE: SunTrust Bankcard, N.A.; REQUEST#: 221177; DATE: 12/20/2018.  GA Northern CM ECF on 12/6/18. | 181.00 |
| VENDOR: United Parcel Service - UPS INVOICE#: 000000393931378 DATE: 9/15/2018  Tracking #: 1Z393931NT91951005 Shipment Date: 20180913 Ship to: Benjamin T. Polk, Benjamin T. Polk, 3291 Zingara Road NE, CONYERS, GA 30012 | 19.70 |
| VENDOR: Traditional Title Services, Inc.; INVOICE#: 2041059; DATE: 7/21/2016  -  Fee for full title examination of real property known generally as 3291 Zingara Road, NE, Conyers, GA 30094. | 234.00 |
| Postage | 34.57 |
| **Total Expenses** | **$469.27** |

| | **Fees** | **Disbursements** | **Total** |
|---|---:|---:|---:|
| CURRENT CHARGES: | 10,504.50 | 469.27 | 10,973.77 |
| Total Balance Due: | 10,504.50 | 469.27 | 10,973.77 |
| | | **Total This Statement** | **$10,973.77** |

**Pettie, Jason L., Trustee in Bankruptcy**

**Client/Matter #26991-14**

**January 14, 2019**
**Invoice #755784**
**Neil C. Gordon**
**Page 6**

### Attorney and Paralegal Summary

| **Name** | **Year** | **Rate** | **Hours** | **Total Amount** |
|---|---|---|---|---|
| Bicknell, Pamela E. | 2018 | 195.00 | 14.10 | 2,749.50 |
| Bicknell, Pamela E. | 2019 | 195.00 | 2.10 | 409.50 |
| Gordon, Neil C. | 2018 | 560.00 | 8.10 | 4,536.00 |
| Gordon, Neil C. | 2019 | 560.00 | 4.10 | 2,296.00 |
| Matthews, William D. | 2018 | 395.00 | 1.30 | 513.50 |
| | | **Total** | **29.70** | **$10,504.50** |



**Pettie, Jason L., Trustee in Bankruptcy**  
**Jason L. Pettie, P.C.**  
**Attn: Jason L. Pettie, Trustee**  
**Suite 150 - One Decatur Town Center**  
**150 E. Ponce de Leon Avenue**  
**Decatur, GA 30030**

**January 14, 2019**  
**Invoice #755784**  
**Neil C. Gordon**

**Invoices Due as of January 14, 2019 in connection with:**

**Client   - #26991 - Pettie, Jason L., Trustee in Bankruptcy**  
**Matter - #14 - Brannon, Colleen (Case No. 16-54770-WLH)**

| Invoice No. | Date | Amount Billed | Amount Received | Amount Outstanding |
|---|---|---|---|---|
| 755784 | 01/14/19 | $10,973.77 | ($0.00) | $10,973.77 |

**TOTAL AMOUNT DUE FOR THIS MATTER**               **$10,973.77**

**Amount of Payment Enclosed     $ _____.**

---

**TO ENSURE THAT YOUR ACCOUNT IS PROPERLY CREDITED, PLEASE RETURN THIS PAGE WITH YOUR PAYMENT.**  
**Thank You!**

**REMITTANCE COPY**

A LATE CHARGE OF 1-1/2% PER MONTH WILL BE APPLIED TO BALANCES OUTSTANDING OVER 60 DAYS

**FEI# 58-0543673**

| **Remit Check Payments to:** | **For Billing Inquires:** |
|---|---|
| Arnall Golden Gregory LLP | Phone:  404.873.8500 |
| 171 17th Street NW · Suite 2100 | Fax: 404.873.8501 |
| Atlanta, GA · 30363 | E-mail: billing@agg.com |

**Atlanta, GA | Washington, DC**

## CERTIFICATE SERVICE

      This is to certify that I, Neil C. Gordon, am over the age of 18 and that on this day I have caused to be served a copy of the forgoing *Amendment to Trustee's Motion for Authority to (I) Sell Real Property of the Bankruptcy Estate Free and Clear of All Liens, Interests and Encumbrances, and (II) Disburse Certain Proceeds at Closing* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class United States Mail to the following persons at the addresses stated:

*First Class Mail:*

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

Jason L. Pettie
Chapter 7 Trustee
P.O. Box 17936
Atlanta, GA 30312

Rockdale County Tax Commissioner
969 Pine Street
P.O. Box 1497
Conyers, GA 30012

Howard P. Slomka, Esq.
Slippakoff & Slomka, PC
2859 Paces Ferry Road
Suite 1700
Atlanta, GA 30339

Benjamin T. Polk
3291 Zingara Road, NE
Conyers, GA 30094

Cindy S. Stacey
Cindy S. Stacey, P.C.
P. O. Box 1810
Conyers, GA 30012

Colleen Patricia Brannon
2851 Broughton Road
Newborn, GA 30056

Michael Campbell
ATTENTION: Denise Hammock
Campbell & Brannon, LLC
5565 Glenridge Connector, Suite 350
Atlanta, Georgia 30342

*Certified and first class mail:*
Grayson Hall, CEO
Regions Bank
1900 Fifth Avenue North
Birmingham, AL 35203

      This 14th day of January, 2019.

                                                        */s/ Neil C. Gordon*
                                                        Neil C. Gordon
                                                        Georgia Bar No. 302387

13059900v1