**IT IS ORDERED as set forth below:**



**Date: January 23, 2019**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 16-54770-WLH |
| | ) | |
| COLLEEN PATRICIA BRANNON | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |

**ORDER**

Before the Court for hearing on January 17, 2019 (the "**Hearing**"), came the Trustee's Motion for Authority to (i) Sell Property of the Bankruptcy Estate Free and Clear of all Liens, Interests, and Encumbrances and (ii) Disburse Certain Proceeds at Closing [Doc. No. 29] as amended by the Amendment to Trustee's Motion for Authority to (i) Sell Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (ii) Disburse Certain Proceeds at Closing [Doc. No. 33] (the "**Sale Motion**"). The Sale Motion was filed by Jason L. Pettie, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Colleen Patricia Brannon ("**Debtor**") and seeks authority, pursuant to 11 U.S.C. §363(b) and (f) to sell that certain real property known generally as 3291 Zingara Road, Conyers, Georgia (the "**Property**")

for $130,000.00 to Maritza Castro (the "**Purchaser**").  The Debtor owns the Property jointly with Benjamin T. Polk, and on April 6, 2018, this Court entered an Order Granting Summary Judgment [A. P. Doc. No 37 in Adversary Proceeding No. 16-05212-WLH], approving and authorizing, among other things, Trustee to sell both the Estate's interest and Mr. Polk's interest in the Property under 11 U.S.C. § 363(h).  The Trustee appeared at the Hearing in support of the Sale Motion.  The proposed Purchaser also appeared in support of the Sale Motion.  Mr. Polk filed a response to the Sale of Motion and he and his attorney appeared at the Hearing to assert Mr. Polk's right to purchase the Property under 11 U.S.C § 363(i).  It appears to the Court that all creditors and parties in interest were given notice of the Sale Motion and Hearing, and no other objections or responses were filed by any party nor did any other party appear in opposition to the Sale Motion.  For the reasons stated on the record at the Hearing, it is hereby

**ORDERED**, that Trustee's Sale Motion is **GRANTED** to allow the sale of the Property to be consummated, pursuant to 11 U.S.C § § 363(b) and (f) subject to Mr. Polk exercising his rights under 11 U.S.C. § 363(i) as described below.  It is further

**ORDERED**, that Mr. Polk may exercise his rights under 11 U.S.C § 363(i) by delivering to the Trustee before the consummation of the sale to the Purchaser, the price at which the sale is to be consummated less the amount Mr. Polk would be authorized to receive as the co-owner of the Property, after the disbursements and escrow authorized herein ("363(i) Amount").  The 363 (i) Amount shall be in the form of a bank check or other official funds.  The estimated 363(i) Amount is $94,955.15.  It is further

**ORDERED**, that the Trustee notify Mr. Polk's counsel with a copy to Mr. Polk of the date of the planned closing for the sale of the Property, and the Trustee shall share a copy of the proposed closing statement with Mr. Polk and his counsel.  It is further

**ORDERED** that the Trustee is authorized and directed to make the following disbursements as requested in paragraph 30 of the Sale Motion (paragraph 28 of the originally filed motion): (a) the payoff to Regions Bank; (b) all outstanding *ad valorem* real property taxes including but not limited to 2017 in the amount of $1,152.73 and 2018 in the amount of $2,186.69; (c) the Bankruptcy Estate's pro-ration of the 2019 *ad valorem* county real property taxes estimated at $107.31 (based on 2018 tax bill); (d) real estate commission of six percent (6%) of the purchase price in the amount of $7,800.00; (e) any capital gains or other taxes related to the sale (none anticipated); (f) water and sewer liens (none anticipated); (g) Purchaser's closing costs up to $3,900.00; and (h) all other costs of sale, or costs necessary to close a sale of the Property. It is further

**ORDERED** that Trustee shall hold $10,000.00 of the remaining sale proceeds pending this Court's ruling on the allowance of his attorney fees as a cost of sale. It is further

**ORDERED** that Mr. Polk shall turn over possession of the Property within three (3) days of the closing of the sale to the Purchaser unless Mr. Polk exercises his rights under 11 U.S.C. §363 (i) as provided herein. It is further

**ORDERED** Provided Mr. Polk has moved out of the Property as provided herein, Trustee is authorized and directed to pay Mr. Polk one-half of the remaining net sale proceeds within four (4) days of the closing of the sale of the Property. It is further

**ORDERED** that any other distributions will only be made pursuant to further order of the Court.

**END OF DOCUMENT**

Signature appears on the following page

Prepared and presented by:

 /s/
Jason L. Pettie, Chapter 7 Trustee
Georgia Bar No. 574783
P.O. Box 17936
Atlanta, Georgia  30316
(404) 638-5984

## DISTRIBUTION LIST

Office of United States Trustee
362 Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303

Neil C. Gordon
Arnal Golden Gregory LLP
171 17th Street N.W., Suite 2100
Atlanta, Georgia  30363

Jason L. Pettie, Chapter 7 Trustee
P.O. Box 17936
Atlanta, Georgia  30316

Benjamin T. Polk
3291 Zingara Road, N.E.
Conyers, Georgia  30094

Howard P. Slomka
Slipakoff and Slomka, P.C.
Overlook III – Suite 1700
2859 Paces Ferry Road, S.E.
Atlanta, Georgia  30339

Cindy S. Stacey
Cindy S. Stacey, P.C.
P.O. Box 1810
Conyers, Georgia  30012

Colleen Patricia Brannon
2851 Broughton Road
Newborn, Georgia  30056